FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 15, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRENDA P., | |
|     Plaintiff, | No. 1:17-CV-03155-RHW |
|     v. | **ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| COMMISSIONER OF SOCIAL SECURITY, | |
|     Defendant. | |

Before the Court are the parties' cross-motions for summary judgment, ECF Nos. 12 & 13. Plaintiff brings this action seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's final decision, which denied her application for Disability Insurance Benefits under Title II and her application for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C §§ 401-434, 1381-1383F. After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth

below, the Court **GRANTS** Defendant's Motion for Summary Judgment and

**DENIES** Plaintiff's Motion for Summary Judgment.

## I.    Jurisdiction

Plaintiff filed her application for Disability Insurance Benefits and protectively filed her application for Supplemental Security Income on October 5, 2011. AR 220-27. Her amended alleged onset date of disability is February 1, 2009. AR 12, 32-33, 815. Plaintiff's applications were initially denied on February 23, 2012, AR 136-43, and on reconsideration on June 6, 2012, AR 146-57.

A hearing with Administrative Law Judge ("ALJ") Kimberly Boyce occurred on April 11, 2013. AR 28-68. On May 30, 2013, the ALJ issued a decision finding Plaintiff ineligible for disability benefits. AR 12-21. The Appeals Council denied Plaintiff's request for review on September 23, 2014. AR 1-4. The Federal District Court for the Eastern District of Washington granted the parties' stipulated motion for remand and remanded for further proceedings on June 16, 2015. AR 917. The Appeals Council remanded the case to reconsider the opinions of Dr. George Liu and Dr. Mary Pellicer, reevaluate Plaintiff's credibility and residual functional capacity, and obtained evidence from a vocational expert to clarify the effect of the assessed limitations on Plaintiff's occupational base on December 9, 2015. AR 927-29. The Appeals Council also consolidated Plaintiff's

duplicate claims filed on November 2014 and March 2015 with the original claims. AR 929.

A new hearing with the ALJ occurred on March 13, 2017. AR 846-85. On July 14, 2017, the ALJ issued a new decision finding Plaintiff was disabled from April 1, 2013 through April 1, 2015, but not disabled from the amended alleged onset date of disability on February 1, 2009 through March 31, 2013, and due to medical improvement Plaintiff's disability ended April 2, 2015. AR 816, 829. The ALJ also incorporated by reference the discussion and summary of the evidence portions of the previous decision that were not disturbed on appeal. AR 815. Plaintiff did not appeal this decision to the Appeals Council, making the ALJ's ruling the "final decision" of the Commissioner.

Plaintiff timely filed the present action challenging the denial of benefits, on September 14, 2017. ECF No. 3. Accordingly, Plaintiff's claims are properly before this Court pursuant to 42 U.S.C. § 405(g).

## II. Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be

under a disability only if the claimant's impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering claimant's age, education, and work experience, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. §§ 404.1520(a)(4) & 416.920(a)(4); *Lounsburry v. Barnhart,* 468 F.3d 1111, 1114 (9th Cir. 2006).

Step one inquires whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b) & 416.920(b). Substantial gainful activity is defined as significant physical or mental activities done or usually done for profit. 20 C.F.R. §§ 404.1572 & 416.972. If the claimant is engaged in substantial activity, he or he is not entitled to disability benefits. 20 C.F.R. §§ 404.1571 & 416.920(b). If not, the ALJ proceeds to step two.

Step two asks whether the claimant has a severe impairment, or combination of impairments, that significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c) & 416.920(c). A severe impairment is one that has lasted or is expected to last for at least twelve months, and must be proven by objective medical evidence. 20 C.F.R. §§ 404.1508-09 & 416.908-09. If the claimant does not have a severe impairment, or combination of

impairments, the disability claim is denied, and no further evaluative steps are required. Otherwise, the evaluation proceeds to the third step.

Step three involves a determination of whether any of the claimant's severe impairments "meets or equals" one of the listed impairments acknowledged by the Commissioner to be sufficiently severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526 & 416.920(d), 416.925, 416.926; 20 C.F.R. § 404 Subpt. P. App. 1 ("the Listings"). If the impairment meets or equals one of the listed impairments, the claimant is *per se* disabled and qualifies for benefits. *Id.* If the claimant is not *per se* disabled, the evaluation proceeds to the fourth step.

Step four examines whether the claimant's residual functional capacity enables the claimant to perform past relevant work. 20 C.F.R. §§ 404.1520(e)-(f) & 416.920(e)-(f). If the claimant can still perform past relevant work, the claimant is not entitled to disability benefits and the inquiry ends. *Id.*

Step five shifts the burden to the Commissioner to prove that the claimant is able to perform other work in the national economy, taking into account the claimant's age, education, and work experience. *See* 20 C.F.R. §§ 404.1512(f), 404.1520(g), 404.1560(c) & 416.912(f), 416.920(g), 416.960(c). To meet this burden, the Commissioner must establish that (1) the claimant is capable of performing other work; and (2) such work exists in "significant numbers in the

national economy." 20 C.F.R. §§ 404.1560(c)(2); 416.960(c)(2); *Beltran v. Astrue,* 676 F.3d 1203, 1206 (9th Cir. 2012).

### III.    Standard of Review

A district court's review of a final decision of the Commissioner is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited, and the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1144, 1158-59 (9th Cir. 2012) (citing § 405(g)). Substantial evidence means "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir.1997) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)) (internal quotation marks omitted). In determining whether the Commissioner's findings are supported by substantial evidence, "a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)).

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). If the evidence in the record "is susceptible to more than one rational

interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Moreover, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina*, 674 F.3d at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115. The burden of showing that an error is harmful generally falls upon the party appealing the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

### IV.    Statement of Facts

The facts of the case are set forth in detail in the transcript of proceedings and only briefly summarized here.  Plaintiff was 41 years old at the amended alleged date of onset. AR 220, 222. She has a high school education, three years of college and an associate's degree, and she is able to communicate in English. AR 244, 828, 1038. Plaintiff has past work as a medical assistant, an office manager, a receptionist, and a teacher assistant. AR 277, 827-28.

\\

\\

\\

# V.    The ALJ's Findings

The ALJ determined that Plaintiff was not under a disability within the meaning of the Act from February 1, 2009 through March 31, 2013, or since April 2, 2015 through the date of the ALJ's decision. AR 816, 829.

**At step one**, the ALJ found that Plaintiff had not engaged in substantial gainful activity since February 1, 2009 (citing 20 C.F.R. §§ 404.1571 *et seq.*, and 416.971 *et seq.*). AR 819.

**At step two**, the ALJ found Plaintiff had the following severe impairments: degenerative disc disease; left rotator cuff injury, status-post repair; obesity; depression; and somatoform disorder (citing 20 C.F.R. §§ 404.1520(c) and 416.920(c)). AR 819-20.

At **step three**, the ALJ found that from April 1, 2013 through April 1, 2015, Plaintiff's degenerative disc disease met the criteria of Listing 1.04; but that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpt. P, App. 1 from February 1, 2009 through March 31, 2013, or after Plaintiff's medical improvement beginning April 2, 2015. AR 819-22.

**At step four**, the ALJ found that, from February 1, 2009 through March 31, 2013, and beginning April 2, 2015, Plaintiff had the residual functional capacity to perform light work, except: she can perform work with the ability to change

positions from sitting to standing and from standing to sitting every 30 minutes; she can occasionally reach overhead with the left upper extremity and can frequently handle, finger, and feel with the left upper extremity; she can occasionally balance, stoop, and kneel and she can never crawl; she can occasionally push and pull with her lower extremities; she can never climb ladders, ropes, or scaffolds, work at unprotected heights, or in proximity to hazards such as heavy machinery with dangerous moving parts; in order to meet ordinary and reasonable employer expectations regarding attendance and to avoid distraction, production and work place behavior, she can perform work that does not require direct service to the general public but occasional incidental contact is not precluded. AR 822.

The ALJ found that Plaintiff is unable to perform her past relevant work. AR 827.

**At step five**, the ALJ found, from February 1, 2009 through March 31, 2013 and beginning April 2, 2015, in light of her age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. AR 828-29. These include assembler and document preparer. AR 828.

\\

\\

## VI.    Issues for Review

Plaintiff argues that the Commissioner's decision is not free of legal error and not supported by substantial evidence. Specifically, she argues the ALJ erred by: (1) improperly discrediting Plaintiff's subjective complaint testimony; (2) improperly evaluating the medical opinion evidence; and (3) failing to meet her burden at step five to identify specific jobs, available in significant numbers, which Plaintiff could perform despite her limitations.

## VII.   Discussion

### A. The ALJ Properly Discounted Plaintiff's Credibility.

An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective symptoms is credible. *Tommasetti v. Astrue,* 533 F.3d 1035, 1039 (9th Cir. 2008). First, the claimant must produce objective medical evidence of an underlying impairment or impairments that could reasonably be expected to produce some degree of the symptoms alleged. *Id.* Second, if the claimant meets this threshold, and there is no affirmative evidence suggesting malingering, "the ALJ can reject the claimant's testimony about the severity of [her] symptoms only by offering specific, clear, and convincing reasons for doing so." *Id.*

In weighing a claimant's credibility, the ALJ may consider many factors, including, "(1) ordinary techniques of credibility evaluation, such as the claimant's

reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities." *Smolen*, 80 F.3d at 1284. When evidence reasonably supports either confirming or reversing the ALJ's decision, the Court may not substitute its judgment for that of the ALJ. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir.1999). Here, the ALJ found that the medically determinable impairments could reasonably be expected to produce the symptoms Plaintiff alleges; however, the ALJ determined that Plaintiff's statements of intensity, persistence, and limiting effects of the symptoms were not entirely credible. AR 823. The ALJ provided multiple clear and convincing reasons, supported by the record, for discrediting Plaintiff's subjective complaint testimony. AR 823-25.

In this case, the ALJ found evidence of malingering. AR 16, 23, 25. This is supported by the record. *See Benton ex. el. Benton v. Barnhart,* 331 F.3d 1030, 1040 (9th Cir.2003) (finding of affirmative evidence of malingering will support a rejection of a claimant's testimony). The ALJ noted that two separate doctors found she had demonstrated poor effort and exaggeration on examination. AR 823-24. An ALJ may rely on "ordinary techniques of credibility evaluation," including evaluating a claimant's "tendency to exaggerate" or "inconsistent statements."

*Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001). Specifically, examining neurologist David Rutberg, M.D., and examining orthopedic surgeon Chester McLaughlin, M.D., noted less than maximum effort, self-restricting, questionable results, misrepresentation, non-anatomic findings, pain behavior, and disability conviction. AR 800, 801-02, 805-806, 808, 823-24. The doctors diagnosed, "[s]ymptom magnification and disability conviction." AR 806, 824. On a separate examination the medical provider found "strength testing is totally invalid, very poor effort on the left side…" AR 445.

In addition to malingering, the ALJ provided multiple clear and convincing reasons to discount Plaintiff's credibility that are supported by the record. AR 823-25. The ALJ found that Plaintiff's allegations of completely disabling physical and mental limitations are inconsistent with the longitudinal medical record during the periods in which she was not found disabled. *Id*. This determination is supported by substantial evidence in the record. An ALJ may discount a claimant's subjective symptom testimony that is contradicted by medical evidence. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008). Inconsistency between a claimant's allegations and relevant medical evidence is a legally sufficient reason to reject a claimant's subjective testimony. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001). Specifically, the ALJ noted that, outside the two year period of disability, the record generally contains normal and mild

examination results. AR 823-24. For example, normal electromyography of the left arm, normal motor and sensation functioning in the left upper extremity except for some hypersensitivity, normal strength and reflexes in the left arm, normal neuromuscular examinations, normal x-rays, the ability to walk without issue, normal muscle tone, generally intact range of motion, normal neurological findings, generally good mobility in the upper extremities, and appropriate mood and affect. AR 350, 360, 420, 467- 496, 660, 823-24, 1402, 1427, 1433, 1440, 1491-92, 1498-1500, 1511, 1535, 1539, 1601, 1630, 1634, 1636, 1651, 1659, 1662, 1704, 1708, 1711, 1714, 1724, 1729, 1734, 1739.

Next, the ALJ noted that Plaintiff's conditions in her back and shoulder had improved significantly after surgery, conservative treatment, and a lack of treatment, all of which are supported by substantial evidence of record and are clear and convincing reasons to discredit a plaintiff's credibility. AR 823-24. An ALJ may also find a claimant's symptom testimony not credible based on evidence of effective responses to treatment. *See*, *e.g.*, *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005); 20 C.F.R. §§ 404.1529(c)(3), 416.1529(c)(3). Additionally, a claimant's statements may be less credible when treatment is inconsistent with the level of complaints or a claimant is not following treatment prescribed without good reason. *Molina*, 674 F.3d at 1114. "Unexplained, or inadequately explained, failure to seek treatment . . . can cast doubt on the sincerity of [a] claimant's []

testimony." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). If a claimant's condition is not severe enough to motivate them to follow the prescribed course of treatment this is "powerful evidence" regarding the extent to which they are limited by the impairment. *Burch*, 400 F.3d at 681.

Here, the ALJ chronicled Plaintiff's left arm complaints, noting she had shoulder surgery that alleviated her pain, combined with routine treatment thereafter, such as ibuprofen and physical therapy. AR 666, 783, 789, 794, 823, 859-860. The ALJ also found Plaintiff's spinal condition was disabling for a period of two years, with improved functioning thereafter. AR 824, 860-861, 1711. Plaintiff does not contest this reason the ALJ provided for discrediting her subjective complaints. The ALJ further noted the routine and conservative physical treatment consisting of over the counter anti-inflammatories, rest, and activity modification. AR 823. Additionally, despite her allegations of disabling mental limitations, the ALJ noted that Plaintiff is not involved in any mental health treatment, she has not taken her regular mental health medication, and she is not participating in counseling. AR 824.

The ALJ also detailed inconsistent statements that undermined Plaintiff's credibility. AR 824-25. An ALJ may rely on ordinary techniques of credibility evaluation such as a witness's prior inconsistent statements. *Tommasetti*, 533 F.3d at 1039. Despite Plaintiff's allegations of totally debilitating pain, the record

reflects that she has repeatedly told her treatment providers that her pain is only a two or three out of ten. AR 825, 1668, 1698, 1701, 1704, 1707.

When the ALJ presents a reasonable interpretation that is supported by the evidence, it is not the role of the courts to second-guess it. *Rollins*, 261 F.3d at 857. The Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d 1104, 1111; *see also Thomas*, 278 F.3d 947, 954 (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). The Court does not find the ALJ erred when discounting Plaintiff's credibility because the ALJ properly provided multiple clear and convincing reasons for doing so.

## B. The ALJ Properly Weighed the Medical Opinion Evidence.

### a. Legal Standard.

The Ninth Circuit has distinguished between three classes of medical providers in defining the weight to be given to their opinions: (1) treating providers, those who actually treat the claimant; (2) examining providers, those who examine but do not treat the claimant; and (3) non-examining providers, those who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (as amended).

A treating provider's opinion is given the most weight, followed by an examining provider, and finally a non-examining provider. *Id*. at 830-31. In the absence of a contrary opinion, a treating or examining provider's opinion may not be rejected unless "clear and convincing" reasons are provided. *Id*. at 830. If a treating or examining provider's opinion is contradicted, it may only be discounted for "specific and legitimate reasons that are supported by substantial evidence in the record." *Id*. at 830-31.

The ALJ may meet the specific and legitimate standard by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (internal citation omitted). When rejecting a treating provider's opinion on a psychological impairment, the ALJ must offer more than his or her own conclusions and explain why he or she, as opposed to the provider, is correct. *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

### b. George Liu, M.D.

Dr. Liu is a treating doctor who has provided multiple opinions stating that since July 2007, Plaintiff is severely limited; unable to perform the demands of even sedentary work; Plaintiff could lift and carry less than 10 pounds; stand, walk, and sit less than two hours; she can only sit for 15 to 20 minutes; she would be off task for over 50% of the time; she would be absent at least four days a month; and

she had postural and manipulative limitations. AR 538-544, 1267-69, 1486, 1567-68. As noted by the ALJ, Dr. Liu's opinion is contradicted by Dr. Lorber who is a specialist who testified at the hearing, Dr. Liu's own examination notes, and the examinations of other treating medical providers. AR 826.

The ALJ did not completely reject Dr. Liu's opinion, but assigned it little weight. AR 825-26. The ALJ provided multiple reasons supported by the record for discounting Dr. Liu's opinion. AR 826. First, the ALJ noted that Dr. Lorber's opinion is consistent with the overall medical record, while the opinion of Dr. Liu is not. AR 826. An ALJ may reject a doctor's opinion when it is inconsistent with other evidence in the record. *See Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999). Despite Dr. Liu's opinion of Plaintiff's inability to perform even sedentary work due to her limited joint motion, the ALJ noted that the record is replete with normal examination findings with the exception of some slightly reduced range of motion and strength, including normal electromyography of the left arm, normal motor and sensation functioning in the left upper extremity except for some hypersensitivity, normal strength and reflexes in the left arm, normal neuromuscular examinations, normal x-rays, the ability to walk without issue, normal muscle tone, generally intact range of motion, normal neurological findings, generally good mobility in the upper extremities, and the ability to ambulate without assistance. AR 350, 360, 420, 467- 496, 660, 823-24, 1402,

1427, 1433, 1440, 1491-92, 1498-1500, 1511, 1535, 1539, 1601, 1630, 1634, 1636, 1651, 1659, 1662, 1704, 1708, 1711, 1714, 1724, 1729, 1734, 1739. Contrary to Dr. Liu's opinion that Plaintiff could sit no more than 20 minutes, Plaintiff's treating medical provider, Dr. Timmons, recommended Plaintiff use a stationary bike five days per week for thirty minutes per session. AR 824, 826, 1601, 1634, 1714, 1724, 1729.

Second, the ALJ found that Dr. Liu's opinion is internally inconsistent. AR 826. A discrepancy between a doctor's recorded observations and opinions is a clear and convincing reason for not relying on the doctor's opinion. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). Dr. Liu opined that Plaintiff would be off task 50% of time; however, upon examination by Dr. Liu Plaintiff did not require redirection during examinations or have difficulty following conversations, she was conversant and cooperative, and Plaintiff could follow a three-step command and did not have difficulty with concentration, attention, or focus. AR 397, 420, 541, 805, 1498-99.

Additionally, the ALJ noted that Dr. Liu's opinion regarding completely disabling pain limitations since July 2007 is contradicted by Plaintiff's own statements that her pain was consistently a two or three out of ten, and by the fact that Plaintiff was engaged in substantial gainful activity during two years in which Dr. Liu opines that Plaintiff was completely disabled and limited to less than

sedentary work. AR 277, 862, 1190, 1668, 1698, 1701, 1704, 1707. An ALJ may reject a doctor's opinion when it is inconsistent with other evidence in the record. *See Morgan*, 169 F.3d at 600. An ALJ may reject a treating doctor's opinion of total disability where the opinion is "clearly inconsistent with…the fact that [the claimant] engaged in substantial gainful activity" after the opined onset date. *Weetman v. Sullivan,* 877 F.2d 20, 22-23 (9th Cir. 1989). Dr. Liu's opinion that Plaintiff essentially became bedridden in July 2007 is strongly contradicted by the fact that Plaintiff worked from July 2007 to February 2009. An ALJ may reject even a doctor's opinion that is so extreme as to be implausible. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001).

When the ALJ presents a reasonable interpretation that is supported by the evidence, it is not the role of the courts to second-guess it. *Rollins*, 261 F.3d 853, 857. The Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d 1104, 1111; *see also Thomas*, 278 F.3d 947, 954 (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Thus, the Court finds the ALJ did not err in her consideration of Dr. Liu's opinion.

\\

\\

### c. Greg Sawyer, Ph.D.

Dr. Sawyer is an examining psychologist who evaluated Plaintiff in October 2015. AR 1494-1501. Dr. Sawyer opined that Plaintiff will have difficulty when attempting to maintain effective social interaction on a consistent and independent basis with supervisors, coworkers, and the public; she will have difficulty attempting to sustain concentration and persist in work-related activity at a reasonable pace; and she will have difficulty when attempting to deal with the usual stresses encountered in the workplace. AR 1500-01.

The ALJ did not completely reject Dr. Sawyer's opinion, but assigned it little weight. AR 827. The ALJ provided multiple reasons supported by the record for discounting Dr. Sawyer's opinion. *Id*. First, the ALJ noted that Dr. Sawyer's opinion is vague in the sense that the use of equivocal phrase "will have difficulty" with some areas of functioning does not actually provide explicit limitations or whether or not Plaintiff could perform these activities and to what extent. Medical opinions reflect judgments about the nature and severity of [a claimant's] impairments(s), including what [she] can still do despite impairments(s), and [her] physical or mental restrictions." 20 C.F.R. § 416.927(a)(1). An ALJ may reject a medical opinion that describes vague limitations. *Meanel v. Apfel*, 172 F.3d 1111, 1114 (9th Cir. 1999).

Next, the ALJ found that Dr. Sawyer's opinion is internally inconsistent with his own examination findings. AR 827. A discrepancy between a doctor's recorded observations and opinions is a clear and convincing reason for not relying on the doctor's opinion. *Bayliss*, 427 F.3d at 1216. Dr. Sawyer opined that Plaintiff would have difficulty managing social interactions, AR 1500-1501, but on examination, he found that Plaintiff was able to develop rapport, actively and candidly cooperate upon interview, and behave openly and friendly, AR 827, 1498. The ALJ further noted that Plaintiff interacted normally with treatment providers, family, and friends. AR 827. Dr. Sawyer opined that Plaintiff would have difficulty sustaining concentration, AR 1501, but on testing, Dr. Sawyer found that Plaintiff had the ability to concentrate, follow questions, maintain good attention span, follow a three-step command without difficulty, think logically, and remember, AR 827, 1498-1499. Furthermore, Dr. Sawyer opined about difficulty coping with workplace stress, AR 1501, but found that Plaintiff had no problem coping through the stressful situation of a consultative examination, AR 1498-1499. Plaintiff does not contest this reason provided by the ALJ for discounting Dr. Sawyer's opinion.

When the ALJ presents a reasonable interpretation that is supported by the evidence, it is not the role of the courts to second-guess it. *Rollins*, 261 F.3d 853, 857. The Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d 1104, 1111; *see also*

*Thomas*, 278 F.3d 947, 954 (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Thus, the Court finds the ALJ did not err in her consideration of Dr. Sawyer's opinion.

**C. The ALJ did not err at step five of the sequential evaluation process.**

Plaintiff briefly argues that the resulting step five finding did not account for all of her limitations, specifically that the ALJ did not include the impairments in Dr. Liu's rejected opinion. The Court disagrees. The ALJ specifically stated that all symptoms consistent with the medical evidence were considered in assessing Plaintiff's residual functional capacity. AR 816, 819, 823. The record shows the ALJ did account for the objective medical limitations, so the Court finds no error. Additionally, the ALJ need not specifically include limitations in the hypothetical if they are adequately accounted for in the residual functional capacity. *See Stubbs-Danielson*, 539 F.3d 1169, 1173-76 (9th Cir. 2008). The Court will uphold the ALJ's findings when a claimant attempts to restate the argument that the residual functional capacity finding did not account for all limitations. *Id*. at 1175-76.

The ALJ properly framed the hypothetical question addressed to the vocational expert. Additionally, the vocational expert identified jobs in the national economy that exist in significant numbers that match the abilities of the Plaintiff. Thus, the Court finds the ALJ did not err in assessing Plaintiff's residual functional

capacity and the ALJ properly identified jobs that Plaintiff could perform despite her limitations.

## VIII. Conclusion

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and is free from legal error. Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 12**, is **DENIED.**

2. Defendant's Motion for Summary Judgment, **ECF No. 13,** is **GRANTED.**

3. Judgment shall be entered in favor of Defendant and the file shall be **CLOSED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel and **close the file**.

**DATED** this 15th day of October, 2018.

_s/Robert H. Whaley_
ROBERT H. WHALEY
Senior United States District Judge
